UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. HOSKINS,

    Plaintiff,

v.                                        Case No. 21-CV-56

SGT. BARRETT,

    Defendant.

## ORDER

Plaintiff Michael S. Hoskins, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 along with a motion to proceed without prepayment of the filing fee under 28 U.S.C. § 1915 on January 12, 2021. (ECF Nos. 1, 2.) He also filed a certified copy of his trust account statement for the past six months. (ECF No. 10.) The court reviewed the trust account statement and ordered Hoskins to forward to the Clerk of Court $4.90 as an initial partial filing fee by March 17, 2021. (ECF No. 11.) Hoskins filed a motion to waive payment of the initial partial filing fee, stating that he only has $3.75 in his release account and $0.00 in his regular account. (ECF No. 13.) While this motion was filed on March 10, 2021, it was dated March 4, 2021. Hoskins also filed a motion to voluntarily dismiss on March 9, 2021, but it was dated March 8, 2021, after he drafted his motion to waive the initial partial filing fee. (ECF No. 12.) Accordingly, the court

will address his motion to waive the initial partial filing fee before considering his motion to voluntarily dismiss.

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. § 1914(a). It also requires a party filing a complaint to pay a $52 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $52.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee followed by monthly installments until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. § 1915(b).

In its order assessing the $4.90 partial filing fee, the court analyzed the plaintiff's certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint. (ECF No. 11 at 2.) The court determined that the plaintiff had an average monthly deposit in the account of $24.49 and the average monthly balance is $0.04. That is how the court determined that the plaintiff must first pay an initial partial filing fee of $4.90 to proceed with his case.

The court, in reviewing Hoskins' trust account statement, notes that he has several payments for filing fees for past cases and payments for legal loans. The Seventh Circuit Court of Appeals has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)). Hoskins chose to spend his limited income on filing other cases, so while he may be without assets (because he spent his money), he is not without means (because he has received multiple deposits in his account). The court concludes that § 1915(b)(4) does not apply in these circumstances.

Because the court denies Hoskins' motion to waive the initial partial filing fee, the court grants Hoskins' motion to voluntarily dismiss this case.

**IT IS THEREFORE ORDERED** that Hoskins' motion to waive the initial partial filing fee (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Hoskins' motion to voluntarily dismiss his case (ECF No. 12.) is **GRANTED.**

.

Dated at Milwaukee, Wisconsin this 12th day of March, 2021.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge